UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
MICHAEL DIMAS,

        Plaintiff,

v.

FRANCOIS PAYARD LLC, 116 WEST
HOUSTON STREET LLC, MAFP VENTURES
LLC, FPB LLC, PIERRE FRANCOIS PAYARD,
individually, LAETITIA DROUBAY, individually,
and JULIEN KHALAF, individually,

        Defendants.
------------------------------------------------------------- x

**ORDER**

18 Civ. 7873 (AKH)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/28/2020

ALVIN K. HELLERSTEIN, U.S.D.J.:

    Plaintiff Michael Dimas filed this suit for damages on August 28, 2018, under The Americans with Disabilities Act of 1990, The Family and Medical Leave Act of 1993, and New York State and City human rights laws, in connection with Plaintiff's work as a delivery driver for Defendants. All of the above-named Defendants were voluntarily dismissed on March 1, 2019, with two exceptions: MAPF Ventures LLC ("MAFP") and Julien Khalaf. *See* ECF No. 31. In July 2019, I granted a motion by MAPF's counsel to withdraw, and noted that, because MAFP is an entity incapable of appearing *pro se*, failure by MAFP to retain counsel on or before September 13, 2019 would result in my entering default in favor of Plaintiff. *See* ECF No. 45. On February 26, 2020,[1] upon proof that MAFP and Khalaf had both been timely served,[2] and had nonetheless failed to answer, the Clerk of Court entered a default in Plaintiff's favor against both

---

[1] I note that, in the intervening time between MAPF's counsel's withdrawal and February 2020, Plaintiff sent a letter to the Court in November 2019 indicating that the parties had reached a settlement. I provisionally closed the case, allowing for reopening in the event of the putative settlement's failure. In early February 2020, Plaintiff submitted a letter informing the Court that the settlement had fallen apart. I reopened the case accordingly. *See* ECF Nos. 50, 51, 56, 57.

[2] Although the service occurred outside the 90-day limit imposed by Federal Rule of Civil Procedure 4(m), the Court granted Plaintiff's request for additional time to effect service. *See* ECF No. 19.

MAFP and Khalaf. *See* ECF Nos. 62, 63. Now before the Court is Plaintiff's motion for default judgment against these same two parties. *See* ECF Nos. 64, 65, 66.

Having reviewed Plaintiff's Complaint, *see* ECF No. 1, I am satisfied that Defendants MAFP and Khalaf are indeed liable. However, this does not resolve the question as to the appropriate damages. *See, e.g., American Steamship Owners Mutual Protection & Indem. Assoc., Inc. v. Triumph Maritime Ltd.*, 18-cv-8615, 2019 WL 6318428, at *2 (S.D.N.Y. Nov. 26, 2019) ("*ASOMP*") ("[A]fter a court has determined that entry of default judgment against a defendant . . . is appropriate, the court must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty by determining the proper rule for calculating damages on such a claim, and assessing plaintiff's evidence supporting the damages to be determined under this rule.") (quotation marks omitted). Plaintiff's moving papers seeking default judgment ask for $500,000 in damages, but do not explain how this figure was reached, or include any means by which the Court can calculate the loss. As such, Plaintiff is directed as follows:

1. On or before March 13, 2020, Plaintiff shall submit any and all documentation necessary to substantiate Plaintiff's claimed damages.

2. Plaintiff shall accompany this submission with a memorandum that explains how these damages comport with the "proper rule for calculating damages," *ASOMP*, 2019 WL 6318428, at *2, under Plaintiff's varied causes of action.

3. Plaintiff shall also submit an updated proposed default judgment. *See, e.g.*, S.D.N.Y. Local Civil Rule 55.2(b).

In sum, default judgment is granted in Plaintiff's favor. However, given Plaintiff's evidentiary shortcomings at this time, the question of damages will await further consideration by the Court.

SO ORDERED.

Dated: February __, 2020
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

2